People v Vargas (2020 NY Slip Op 50783(U))

[*1]

People v Vargas (Raul)

2020 NY Slip Op 50783(U) [67 Misc 3d 144(A)]

Decided on July 6, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 6, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

13-465

The People of the State of New York,
Respondent, 
against
Raul Vargas, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Tamiko A. Amaker, J.), rendered February 15, 2013, convicting him, upon his plea
of guilty, of theft of services, and imposing sentence.

Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J.), rendered February 15, 2013, reversed, on
the law, and the accusatory instrument dismissed.
We agree with defendant that the accusatory instrument charging theft of services (see
Penal Law § 165.15[3]) was jurisdictionally defective. The instrument failed to contain
allegations to support an essential element of the offense, namely, defendant's "unjustifiable
failure or refusal to pay" the charge for public transportation service. The mere allegation that
defendant, while "aboard" an undelineated New York City bus, "could not produce the receipt"
for the purchase of his fare, is, without more, insufficient to establish the nonpayment element of
the offense, given the absence of any allegations that defendant was on a select bus or explaining
the significance or requirement of a receipt (see People v Polanco, 162 AD3d 434, 435
[2018], lv denied 32 NY3d 940 [2018] [nonpayment element of theft of services was
sufficiently charged by way of allegations explaining the procedure for riding a "select bus" and
stating that "defendant rode such a bus without being able to produce a payment receipt," which
effectively constituted failure to pay]).
In view of our determination, we reach no other issue.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: July 6, 2020